IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **DESHAWN BROWN,** ) | **CASE NO. 7:19CV00498** |
| ) | |
| Petitioner, ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **WARDEN BRECKON,** ) | By: Hon. Glen E. Conrad |
| ) | Senior United States District Judge |
| Respondent. ) | |

Deshawn Brown, a federal inmate, filed this action, pro se, as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Brown asserts that he is actually innocent of the crime for which he was convicted and sentenced under Rehaif v. United States, __ U.S. __, 139 U.S. 2191 (2019). See United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318, 203 L. Ed. 2d 600 (2019) (allowing § 2241 challenge to federal sentence as imposed); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (allowing § 2241 challenge to federal conviction). Upon review of the record, the court concludes that Brown's petition under § 2241 in this court is more appropriately construed as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.

I.

Brown is currently confined at the United States Penitentiary Lee County, located in this judicial district. Pursuant to a judgment entered on June 10, 2015, in Case No. 6:15-cr-2001 by the United States District Court for the Northern District of Iowa, Brown stands convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On June 9, 2015, the Court sentenced Brown to a term of 120 months of imprisonment. The Court also imposed three years of supervised release. Brown appealed, but the Court of Appeals

dismissed the appeal for lack of jurisdiction. According to court records available online, Brown has not filed any collateral attacks on his conviction or sentence in the sentencing court.

In response to Brown's current petition under § 2241 to this court, respondent argues that the petition must be dismissed for lack of jurisdiction. (ECF No. 7.) Brown has filed a response in opposition to the motion to dismiss. (ECF No. 11.) Thus, the matter has been fully briefed.

II.

A federal prisoner bringing a claim for relief from an allegedly illegal sentence must normally do so in a § 2255 motion in the sentencing court. Section 2255(e) provides that a § 2241 <u>habeas</u> petition raising such a claim "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>." 28 U.S.C. § 2255(e) (emphasis added). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy inadequate or ineffective. <u>In re Jones</u>, 226 F.3d at 332; <u>see</u> <u>also</u> <u>Cradle v. United States</u>, 290 F.3d 536, 538-39 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.").

Several circuit courts of appeals, including the Fourth Circuit, have held that the last phrase in § 2255(e), known as the savings clause, is jurisdictional. <u>Wheeler</u>, 886 F.3d at 424-25 (citing <u>Williams v. Warden</u>, 713 F.3d 1332 (11th Cir. 2013)). In other words, the savings clause "commands the district court not to entertain a § 2241 petition that raises a claim ordinarily cognizable in the petitioner's first § 2255 motion except in exceptional circumstances." <u>Id.</u> at

425.[1]  In this circuit, the remedy in § 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429; see also Jones, 328 F.3d at 333-34.  Thus, unless Brown demonstrates that he can satisfy the Jones/Wheeler test so that the savings clause applies to permit his Rehaif challenge in a § 2241 petition, this court has no "power to act" on his § 2241 claim.  Id.; see also Rice v. Rivera, 617 F.3d 802, 810 (4th Cir. 2010) ("Jurisdictional restrictions provide absolute limits on a court's power to hear and dispose of a case, and such limits can never be waived or forfeited.").

Brown argues that in the wake of the Supreme Court's decision in Rehaif he is actually innocent of his conviction and sentence under 18 U.S.C. § 922(g).  Section 922(g) provides that "it shall be unlawful for certain individuals to possess firearms.  The provision lists nine categories of individuals subject to the prohibition, including felons . . . .  A separate provision, § 924(a)(2), adds that anyone who *knowingly* violates the first provision shall be fined or imprisoned for up to 10 years."  Rehaif, 139 S. Ct. at 2194; see also 18 U.S.C. § 922(g).  In Rehaif, the Supreme Court held that "the word knowingly applies both to the defendant's conduct and to the defendant's status.  To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."  Rehaif,

---

[1]  The court has omitted internal quotation marks, alterations, and/or citations here and throughout this opinion, unless otherwise noted.

139 S. Ct. at 2194. According to Brown, he was not aware of his status as a prohibited person, nor was he informed of that status by defense counsel, the prosecution, or the court. Therefore, he claims, the elements of the crime were not proven, and he is actually innocent.

Brown further argues that § 2255 is inadequate and ineffective to challenge his conviction and sentence for the following reasons. First, he asserts that he lacked a prior opportunity to challenge his conviction because such a challenge was foreclosed by circuit or Supreme Court law at the time of his sentencing and direct appeal.[2] Second, Brown contends that he would not be able to bring his actual innocence claim in a "second or successive 2255 motion" because such motion would be authorized by the circuit court only when the defendant makes a showing that it contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). However, Brown never filed a <u>first</u> § 2255 motion. Therefore, his current petition would not be considered a second or successive § 2255 motion, and he would not be subject to § 2255(h)'s restrictions.[3] In short, Brown cannot demonstrate that § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Accordingly, this court is constrained to conclude that Brown cannot proceed with his <u>Rehaif</u> claim under § 2241. Therefore, the court will deny relief under § 2241, construe Brown's

---

[2] Brown also mentions his "first 2255 motion." (ECF. No. 1 at 5.) However, as discussed above, the docket in his criminal case does not reflect the filing of a § 2255 motion at any time.

[3] In his response, Brown notes that he never filed a § 2255 motion and, therefore, does not require authorization from the Eighth Circuit to do so. (ECF No. 11 at 15.)

4

submission as a § 2255 motion, and transfer it to the United States District Court for the Northern District of Iowa for further consideration in light of the Supreme Court's <u>Rehaif</u> decision.[4] The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record.

    **ENTER**: This <u> 18th </u> day of September, 2020.

                                                             /s/ Jackson Conrad

                                                             Senior United States District Judge

---

[4] The court expresses no view on the merits of petitioner's claim.